**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for ERIC ROJAS, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ROJAS,<br>            Plaintiff,<br><br>vs.<br><br>NEW CICERO'S INC., dba CICERO'S PIZZA; CHRISTOPHER MARCHESE, Trustee of the Chris Marchese Family Trust U.D.T. dated December 22, 1972 as to 22.1126%; CHRIS J. MARCHESE, LISA MARCHESE, and ELISA MARCHESE VAUGHN, Trustees of the Christopher Marchese, Jr. Living Trust U.D.T. dated December 28, 1971 as to 11.5493%; DOMINIC OWEN, NICHOLAS OWEN, AND CHRIS OWEN, Trustees of the Helen Owen Living Trust U.D.T. dated December 28, 1971 as to 11.5493%; CHRIS MARCHESE and LISA MARCHESE, Trustees of the Chris Marchese & Lisa Marchese 1994 Trust dated January 12, 1994 as to 8.79%; MARCHESE FAMILY FOUNDATION, a California Nonprofit Corporation as to 11.7888%; HELEN OWEN, Trustee of the Edward Owen Shelter Trust dated June 28, 2019 UTA dated January 11, 1994 as to 8.792%; | **Case No.** 22-4705<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**REQUEST FOR JURY TRIAL** |

| | |
|---|---|
| PAULINA MARCHESE and ELISE MARCHESE VAUGHN, Trustees of the Tyson Vaughn-Baker 2021 Irrevocable Trust dated August 20, 2021 as to 3.3025%; PAULINA MARCHESE and ELISE MARCHESE VAUGHN, Trustees of the Calvin Vaughn-Baker 2021 Irrevocable Trust dated August 20, 2021 as to 3.3025%; PAULINA MARCHESE and ELISE MARCHESE VAUGHN, Trustees of the Audrey T. Vaughn 2021 Irrevocable Trust dated August 20, 2021 as to 3.3025%; PAULINA MARCHESE and ELISE MARCHESE VAUGHN, Trustees of the Christine M. Vaughn 2021 Irrevocable Trust dated August 20, 2021 as to 3.3025%; RAY RUSSO, JR. and NICHOLAS E. OWEN, Trustees of the Helen Owen 2021 Irrevocable Trust dated August 18, 2021 as to 6.976%; BAILEY OWEN, Trustee of the Nicholas E. Owen 2021 Irrevocable Trust dated September 21, 2021 as to 1.744%; NICHOLAS E. OWEN, Trustee of the Kayla K. Owen 2021 Irrevocable Trust dated August 18, 2021 as to 1. 744%; KAYLA K. OWEN, Trustee of the Bailey Owen 2021 Irrevocable Trust Dated August 18, 2021 as to 1.744%,<br><br>                              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ERIC ROJAS ("Plaintiff" or "Mr. Rojas") hereby complains of defendants NEW CICERO'S INC., dba CICERO'S PIZZA; CHRISTOPHER MARCHESE, Trustee of the Chris Marchese Family Trust U.D.T. dated December 22, 1972 as to 22.1126%; CHRIS J. MARCHESE, LISA MARCHESE, and ELISA MARCHESE VAUGHN, Trustees of the Christopher Marchese, Jr. Living Trust U.D.T. dated December 28, 1971 as to 11.5493%; DOMINIC OWEN, NICHOLAS OWEN, AND CHRIS OWEN, Trustees of the Helen Owen Living Trust U.D.T. dated December 28, 1971 as to 11.5493%; CHRIS MARCHESE and LISA MARCHESE, Trustees of the Chris Marchese & Lisa Marchese 1994 Trust dated January 12, 1994 as to 8.79%; MARCHESE FAMILY FOUNDATION, a California Nonprofit Corporation as to 11.7888%; HELEN OWEN, Trustee of the Edward Owen Shelter Trust dated June 28, 2019 UTA dated January 11, 1994 as to 8.792%; PAULINA MARCHESE and ELISE MARCHESE VAUGHN, Trustees of the Tyson Vaughn-Baker 2021 Irrevocable Trust dated August 20, 2021 as to 3.3025%; PAULINA MARCHESE and ELISE MARCHESE VAUGHN, Trustees of the Calvin Vaughn-Baker 2021 Irrevocable Trust dated August 20, 2021 as to 3.3025%; PAULINA MARCHESE and ELISE MARCHESE VAUGHN, Trustees of the Audrey T. Vaughn 2021 Irrevocable Trust dated August 20, 2021 as to 3.3025%; PAULINA MARCHESE and ELISE MARCHESE VAUGHN, Trustees of the Christine M. Vaughn 2021 Irrevocable Trust dated August 20, 2021 as to 3.3025%; RAY RUSSO, JR. and NICHOLAS E. OWEN, Trustees of the Helen Owen 2021 Irrevocable Trust dated August 18, 2021 as to 6.976%; BAILEY OWEN, Trustee of the Nicholas E. Owen 2021 Irrevocable Trust dated September 21, 2021 as to 1.744%; NICHOLAS E. OWEN, Trustee of the Kayla K. Owen 2021 Irrevocable Trust dated August 18, 2021 as to 1.744%; and KAYLA K. OWEN, Trustee of the Bailey Owen 2021 Irrevocable Trust Dated August 18, 2021 as to 1.744% (collectively, "Defendant") as follows:

## INTRODUCTION

1.      This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as "Cicero's

1 Pizza" located at or about 6138 Bollinger Rd, San Jose, CA 95129 (hereinafter "Cicero's Pizza").

2. Mr. Rojas is a person with physical disabilities that relies on a wheelchair for mobility.

3. Defendants' lack of accessible facilities denies "full and equal" access required by Title III of the Americans with Disabilities Act of 1990 and supplementary California civil rights laws. As a result, Plaintiff has been continuously denied full and equal access to Cicero's Pizza, has been embarrassed and humiliated, and suffered damages. Plaintiff seeks damages and injunctive relief requiring provision of access under the Americans with Disabilities Act of 1990 ("ADA") and injunctive relief for full and equal access and statutory damages under California law. Plaintiff also seeks declaratory relief and recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

5. Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

6. <u>Intradistrict Assignment</u>: This case should be assigned to the San Jose Division of the Northern District of California, as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## PARTIES

7. Plaintiff ERIC ROJAS ("Plaintiff") is and at all times relevant herein was, a qualified individual with a physical disability. Plaintiff sustained multiple thoracic spinal fractures from T4-T8 levels with most prominently anterior displacement of T7-T8 as a result of a motor vehicle collision in which he was a passenger in 2006. Consequently, Plaintiff suffers partial

paralysis of his muscles of the trunk, and complete paralysis of his bilateral lower extremities. Plaintiff is unable to ambulate without assistance and is dependent on a wheelchair for mobility. Plaintiff possesses a disabled parking placard issued by the State of California and is a resident of San Jose, California.

8.  Defendant NEW CICERO'S INC., dba CICERO'S PIZZA is, and at all relevant times was, the operator of Cicero's Pizza.

9.  Defendants CHRISTOPHER MARCHESE, Trustee of the Chris Marchese Family Trust U.D.T. dated December 22, 1972 as to 22.1126%; CHRIS J. MARCHESE, LISA MARCHESE, and ELISA MARCHESE VAUGHN, Trustees of the Christopher Marchese, Jr. Living Trust U.D.T. dated December 28, 1971 as to 11.5493%; DOMINIC OWEN, NICHOLAS OWEN, AND CHRIS OWEN, Trustees of the Helen Owen Living Trust U.D.T. dated December 28, 1971 as to 11.5493%; CHRIS MARCHESE and LISA MARCHESE, Trustees of the Chris Marchese & Lisa Marchese 1994 Trust dated January 12, 1994 as to 8.79%; MARCHESE FAMILY FOUNDATION, a California Nonprofit Corporation as to 11. 7888%; HELEN OWEN, Trustee of the Edward Owen Shelter Trust dated June 28, 2019 UTA dated January 11, 1994 as to 8.792%; PAULINA MARCHESE and ELISE MARCHESE VAUGHN, Trustees of the Tyson Vaughn-Baker 2021 Irrevocable Trust dated August 20, 2021 as to 3.3025%; PAULINA MARCHESE and ELISE MARCHESE VAUGHN, Trustees of the Calvin Vaughn-Baker 2021 Irrevocable Trust dated August 20, 2021 as to 3.3025%; PAULINA MARCHESE and ELISE MARCHESE VAUGHN, Trustees of the Audrey T. Vaughn 2021 Irrevocable Trust dated August 20, 2021 as to 3.3025%; PAULINA MARCHESE and ELISE MARCHESE VAUGHN, Trustees of the Christine M. Vaughn 2021 Irrevocable Trust dated August 20, 2021 as to 3.3025%; RAY RUSSO, JR. and NICHOLAS E. OWEN, Trustees of the Helen Owen 2021 Irrevocable Trust dated August 18, 2021 as to 6.976%; BAILEY OWEN, Trustee of the Nicholas E. Owen 2021 Irrevocable Trust dated September 21, 2021 as to 1.744%; NICHOLAS E. OWEN, Trustee of the Kayla K. Owen 2021 Irrevocable Trust dated August 18, 2021 as to 1. 744%; and KAYLA K. OWEN, Trustee of the Bailey Owen 2021 Irrevocable Trust Dated

August 18, 2021 as to 1.744%, are, and at all relevant times were the owners of the land and building at which Cicero's Pizza is located, including the parking lot and paths of travel that serve Cicero's Pizza.

10. Plaintiff is informed, believes, and alleges that Defendants failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendants' failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to plaintiff complained of herein.

## FACTUAL ALLEGATIONS

11. Defendants have discriminated against Plaintiff because Cicero's Pizza's facilities and policies do not comply with the requirements of the ADA, the Unruh Act, and the California Health and Safety Code. Defendants have failed and refuses to provide full and equal access to the services, privileges, benefits, and advantages that they provide to persons without disabilities at Cicero's Pizza.

12. Cicero's Pizza and its facilities, including but not limited to its entrances/exits, parking, interior paths of travel, transaction counters, and restrooms are each a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7)), and of California Civil Code §§ 51 *et seq.*

13. On information and belief, Cicero's Pizza and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of Cicero's Pizza's construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

14. Defendants knowingly and intentionally have denied persons with mobility disabilities the full and equal enjoyment of their businesses, services, privileges, advantages, and

accommodations—all in violation of the ADA, the Unruh Act, and the California Health and Safety Code. Defendants have engaged in this discriminatory conduct despite the fact that Defendants' services, business practices, contracts, and contractual relationships could easily be brought into compliance with the ADA and related California law, and despite the fact that Defendants are and have been fully aware that their conduct and business practices were causing harm to persons with mobility disabilities including segregation and exclusion.

15. Mr. Rojas has been a frequent customer to Cicero's Pizza, going there as frequently as a couple times every month for the past two years. Mr. Rojas has repeatedly experienced difficulties dining inside of Cicero's Pizza, including on November 14, 2021, because there is an inadequate amount of accessible seating for wheelchair users. Specifically, there is no wheelchair accessible booth seating and there is less than 5% of wheelchair accessible table seating. There is also no lower counter seating at the bar. During his November 14, 2021, visit Mr. Rojas dined at Cicero's Pizza with his friends but had difficulty eating his meal because his wheelchair could not fit under the table. Instead, Plaintiff had to hold his plate in his hand hoping not to drop the food in his lap.

16. Mr. Rojas has also had difficulty reaching the customer restroom at Cicero's Pizza, including as recently as in July 2022, because the width of the path of travel to the customer restroom is reduced by stored highchairs.

17. Lastly, Mr. Rojas has never been able to use the game room inside of Cicero's Pizza because there is inadequate turning space for Mr. Rojas' wheelchair inside of the game room.

18. Despite his frustrations, Mr. Rojas has continued to visit the facility because it is affordable, it is in a convenient location, and his friends and family go there frequently. Mr. Rojas is frustrated and anxious for Defendants to remove barriers to access and provide reasonable modification in policies, practices, and procedures so that he may have full and equal access to Cicero's Pizza.

19. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the subject premises. While he could not make

detailed measurements, he confirmed the barriers encountered by Plaintiff and also determined that Cicero's Pizza was inaccessible in multiple other ways to Plaintiff, including, but not limited to, the following:

- Curb ramp by parking has excessive slopes
- Path of travel from parking has horizontal gaps
- Exterior path approaching front door has cross slopes over 2%
- Mat by front door is a tripping hazard
- Front door heavy to operate
- No low cashier counter
- Restroom door very happy
- Restroom door fast closing
- Pipes under sink are not protected
- Soap dispenser is out of reach
- Sink does not provide clear knee space
- Stall door swings into urinal clear space
- Rear grab bar not in proper location
- Toilet paper dispenser above grab bar
- Seat cover dispenser too high to reach
- Seat cover dispenser does not have 30x48 space in front of it

These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases.

20.   Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued and/or attempted visits, which are certain to occur on a regular basis following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the

time of trial as to subsequent events, according to proof.

21. Defendants knew, or should have known, that these elements and policies rendered Cicero's Pizza inaccessible, violate state and federal law, and interfere with and/or deny access to individuals with similar mobility disabilities. Upon information and belief, Defendants have the financial resources to remove these barriers and make Cicero's Pizza accessible to the physically disabled. To date, however, Defendants refuse to remove those barriers or to provide full and equal access to Cicero's Pizza.

22. As a result of Defendants' actions and failures to act and failure to provide disabled access, Plaintiff suffered a denial of his civil rights emotional discomfort, and denial of rights to full and equal access to public accommodations, all to his general, special, and statutory damages. On each such denial of access, Plaintiff has encountered barriers to full and equal access which have caused him difficulty, discomfort, and embarrassment. Plaintiff has been required to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs, pursuant to federal and state law.

23. Plaintiff's goal in this suit is a positive one: to make Cicero's Pizza fully accessible to persons with similar mobility disabilities.

**FIRST CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 USC §§ 12101 et seq.]**

24. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

25. Plaintiff was at all times relevant herein a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities.

26. Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time that he may attempt to access and use the subject facilities.

27. The subject property and facility are among the "private entities," which are considered

"public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

28. The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36, *et seq.*

29. Plaintiff alleges on information and belief that Cicero's Pizza was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendants violated the ADA by designing and/or constructing Cicero's Pizza in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

30. The removal of each of the barriers complained of by Plaintiff as herein alleged, were at all times herein mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

31. As noted throughout this Complaint, removal of each and every one of the architectural barriers complained of herein was also required under California law.

32. Plaintiff alleges on information and belief that Cicero's Pizza was modified after January 26, 1993. Any alterations, structural repairs or additions since January 26, 1993 have independently triggered requirements for removal of barriers to access for disabled persons per § 12183 of the ADA.

33. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to that afforded to people without disabilities; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of Cicero's Pizza to individuals with disabilities; (c) failing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable; and (d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of Cicero's Pizza available through alternative methods if such methods are readily achievable. On information and belief,

as of the date of Plaintiff's most recent visit to Cicero's Pizza and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. The ability to comfortably dine inside of Cicero's Pizza and use the customer restroom is a fundamental necessity. Without this ability, Plaintiff is unable to available himself of the goods and services offered at Cicero's Pizza on a full and equal basis. Therefore, the benefits of creating access, including, but not limited to, providing access to the restroom, does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers identified by the Department of Justice as presumably readily achievable to remove, and, in fact, these barriers are readily achievable to remove.

34. Pursuant to the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

35. Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted

WHEREFORE, Plaintiff requests relief as outlined below.

### SECOND CLAIM:

### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

### [Cal. Civil Code §§ 51 et seq.]

36. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by

reference as if separately repled hereafter.

37. Cicero's Pizza is a business establishment within the meaning of the Unruh Act.

38. Defendants are the owner and/or operators of a business establishment.

39. Defendants violated the Unruh Act by their acts and omissions, as follows:

    a. Failure to construct and/or alter Cicero's Pizza in compliance with state building code and state architectural requirements;

    b. Failure to remove known barriers to access at Cicero's Pizza;

    c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, and/or services of Cicero's Pizza; and

    d. Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

40. Plaintiff has experienced barriers to access at Cicero's Pizza, all of which have caused him major difficulty, discomfort and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

41. Further, on information and belief, Cicero's Pizza and its respective premises are also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

42. These barriers to access render Cicero's Pizza and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to those barriers that limit or deny full and equal access to persons with similar mobility disabilities.

43. Each violation of the ADA constitutes a separate and distinct violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code § 52(a).

44. With respect to Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of and/or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Mr. Rojas from obtaining full and equal access to Cicero's Pizza. Defendants' discriminatory practices and/or policies that deny full enjoyment of Cicero's Pizza to persons with physical disabilities indicate actual and implied malice and conscious disregard for the rights of Mr. Rojas and other similarly disabled individuals. Accordingly, Defendants have engaged in willful affirmative misconduct in violating the Unruh Act.

45. On information and belief, the access features of Cicero's Pizza have not been improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

46. At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that his barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CLAIM:
### VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE
**[Cal. Health and Safety Code §§19955 *et seq.*]**

47. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

48. Health & Safety Code §19955 provides in pertinent part:

The purpose of this part is to ensure that public accommodations or facilities

constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

49.   Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970 and is applicable to all public accommodations constructed or altered after that date.

50.   On information and belief, portions of Cicero's Pizza and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of Cicero's Pizza and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring Cicero's Pizza to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

51.   Pursuant to the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of Cicero's Pizza and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

52.   On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association

1 Specifications and/or those contained in the California Building Code.

53. Cicero's Pizza is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

54. As a result of the actions and failure to act of Defendants, and as a result of the failure to provide proper and legally accessible public facilities, Plaintiff was denied Plaintiff's right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

### **PRAYER FOR RELIEF:**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures -- including but limited to: failing to remove known architectural barriers at Cicero's Pizza so as to make the facilities "accessible to and useable by" mobility disabled persons; failing to construct and/or alter Cicero's Pizza in compliance with federal access standards, state building code, and state architectural requirements; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

    a. From continuing the unlawful acts, conditions, and practices described in this

Complaint;

b. To provide reasonable accommodation for persons with disabilities in all its programs, services and activities at Cicero's Pizza;

c. To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at Cicero's Pizza;

d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including without limitation, the removal of all barriers to access where "readily achievable;"

e. To maintain such accessible facilities once they are provided;

f. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at Cicero's Pizza;

g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at Cicero's Pizza.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

5. Plaintiff requests all appropriate damages, including but not limited to statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including but not limited to the ADA, 42 U.S.C. § 12205; the Unruh Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5.

7. Plaintiff requests prejudgment interest pursuant to California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests such other and further relief as this Court may deem just and proper.

Date: August 16, 2022            */s/  Irene Karbelashvili*
                                 Irene Karbelashvili, Attorney for Plaintiff
                                 ERIC ROJAS

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Date: August 16, 2022            */s/  Irene Karbelashvili*
                                 Irene Karbelashvili, Attorney for Plaintiff
                                 ERIC ROJAS